# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNELL McKNIGHT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 12-CV-0029-CVE-FHM |
| ) | |
| TOM WHITE, Previous Warden; ) | |
| ANITA TRAMMELL, Present Warden, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On January 26, 2012, Petitioner, a state inmate appearing pro se, filed a "notice of motion to vacate void judgments entered in the lower Case No. 86-C-558-E (U.S. Dist. Ct. N.D. Okla.) persuant [sic] to FRCP Rule 60(b)(4), habeas corpus Rule 1(a)(1) and Rule 12, based upon the federal courts [sic] lack of jurisdiction to grant relief to Respondents from the July 6, 1987 order that granted Petitioner habeas corpus relief" (Dkt. # 1). He also paid a $5.00 filing fee. Because Petitioner paid a filing fee to open a new matter, the Clerk of Court opened this 28 U.S.C. § 2254 habeas corpus action.

In his motion (Dkt. # 1), Petitioner attacks a ruling, entered more than twenty-three (23) years ago, in N.D. Okla. Case No. 86-C-558-E, denying habeas relief on his challenge to a First Degree Manslaughter conviction entered in 1984 in Tulsa County District Court. Petitioner emphasizes that:

> [H]e is not asserting or reasserting any argument on the merits of the claims in the past decisions of this court or the Tenth Circuit Court, and it would be prejudicial for the court to construed [sic] his motion as such. But the Court can construe his motion as challenging the integrity of the defects in the federal court prior proceedings that unconstitutionally overturn the July 6, 1987 judgment that granted McKnight habeas relief, and the federal courts did not have jurisdiction to do so,

> since the respondents did not fairly and fundamentally toll or file a notice of appeal of the July 6, 1987 judgment.

See Dkt. # 1. Petitioner asserts that the Court's final order, filed in Case No. 86-C-558-E on May 20, 1988, denying his application for writ of habeas corpus is void and he is entitled to relief under Fed. R. Civ. P. 60(b)(4). Based on Petitioner's insistence that he is not asserting or reasserting habeas claims, the motion shall be adjudicated as a true Rule 60(b) motion, rather than as a second or successive petition for writ of habeas corpus. See Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006).

As a preliminary matter, the Court notes that, on September 21, 2009, Petitioner filed a petition for writ of habeas corpus, assigned Case No. 09-CV-625-TCK-FHM. That petition was dismissed as a second or successive petition filed without prior authorization from the Tenth Circuit. In that petition, Petitioner argued, as he does in the motion filed in this case, that the Court lacked jurisdiction to grant Respondent's motion for relief from judgment in Case No. 86-C-558-E. Petitioner appealed the Court's dismissal of the petition to the Tenth Circuit. By Order filed January 25, 2010, in Case No. 09-5152, the Tenth Circuit disagreed with the Court's characterization of the petition as a second or successive petition, but found that "jurists of reason would not find it debatable whether the district court had subject matter jurisdiction to conduct an evidentiary hearing in 1987." Therefore, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. It would appear that Petitioner's instant Rule 60(b) motion is foreclosed by the Tenth Circuit's ruling entered January 25, 2010, in Case No. 09-5152.

Furthermore, nothing presented by Petitioner in his Rule 60(b)(4) motion convinces the Court that he is entitled to any relief. Rule 60(b)(4) requires a court to grant relief if "the judgment is void." Fed. R. Civ. P. 60(b)(4); see V.T.A., Inc. v. AIRCO, Inc., 597 F.2d 220, 224 n.8 (10th Cir.

1979) ("If voidness is found, relief is not a discretionary matter; it is mandatory."). Although Rule 60(b)(4) is not limited by the timeliness provisions of Rule 60(c), United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002), "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." V.T.A., 597 F.2d at 225. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." Buck, 281 F.3d at 1344 (internal quotation marks omitted). Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites-particularly, adequate notice and opportunity to be heard-were fully satisfied." Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994).

Petitioner's claims are patently frivolous. The record provided by Petitioner, see Dkt. # 1, Ex. A-6, reflects that by Order filed July 6, 1987, the Court granted Petitioner's petition for writ of habeas corpus. Respondent filed a Rule 60(b) motion for relief from the Order and requested an evidentiary hearing. By Order filed October 2, 1987, the Court referred the matter to the Magistrate Judge for an evidentiary hearing on the voluntariness of Petitioner's plea of guilty entered in his state criminal case. After conducting the evidentiary hearing, the Magistrate Judge recommended that the petition for writ of habeas corpus be denied. Petitioner objected to the Magistrate Judge's recommendation. Nonetheless, by Order filed May 20, 1988, the Court adopted the recommendation and denied the petition for writ of habeas corpus. Petitioner appealed to the Tenth Circuit Court of Appeals where, on May 23, 1990, the Court's decision was affirmed. See Dkt. # 1, Ex. A.7.

Petitioner has failed to identify any procedural defect in the Court's rulings entered in N.D. Okla. Case No. 86-C-558-E. None of the Court's rulings was entered without providing notice to Petitioner and an opportunity to be heard. Furthermore, in 1987, the Court clearly had the power to conduct an evidentiary hearing on Petitioner's constitutional claim. Townsend v. Sain, 372 U.S.

3

293, 318 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1, 5, (1992); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("Prior to [AEDPA], the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts."). The Court did not lose subject matter jurisdiction when it granted Respondent's request for an evidentiary hearing asserted in a motion for relief from judgment. Petitioner's Rule 60(b)(4) motion shall be summarily denied.

## Certificate of Appealability

A petitioner is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas v. Boone, 464 F.3d 1213, 1218 (10th Cir. 2006). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b)(4) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth

Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

In addition, in light of the clearly frivolous nature of the claims raised in this motion, the Court hereby certifies that any appeal filed in this matter will not be taken in good faith. See 28 U.S.C. § 1915(a)(3), Fed. R. App. P. 24(a)(3)(A). As a result, if Petitioner files a notice of appeal, he will not be allowed to proceed on appeal in forma pauperis and will be required to pay the full $455.00 appellate filing fee.

**ACCORDINGLY IT IS HEREBY ORDERED** that Petitioner's "motion to vacate void judgments entered in the lower Case No. 86-C-558-E (U.S. Dist. Ct. N.D. Okla.) persuant [sic] to FRCP Rule 60(b)(4), habeas corpus Rule 1(a)(1) and Rule 12, based upon the federal courts [sic] lack of jurisdiction to grant relief to Respondents from the July 6, 1987 order that granted Petitioner habeas corpus relief" (Dkt. # 1) is **denied**. A certificate of appealability is **denied**. A separate judgment shall be entered in this matter.

**DATED** this 31st day of January, 2012.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT